# EXHIBIT 1

RECEIVED FEB 0 4 2003

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

1/30/03

| | |
|---|---|
| RAYMOND BROWN | ) |
| CELENA BROWN | ) |
| 6932 - 9TH STREET, N.W. | ) |
| WASHINGTON, D.C. 20012 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 02ca005309 |
| v. | ) Action in Real Property |
| | ) Calendar No. #12 |
| HOUSEHOLD FINANCE CORPORATION | ) Judge Campbell |
| INC., | ) |
| 961 WEIGEL DRIVE | ) |
| ELMHURST, ILLINOIS 60126 | ) |
| SERVED ON: | ) |
| GERALD DANOFF | ) |
| DANOFF, KING & HOFMEISTER | ) |
| 409 WASHINGTON AVENUE | ) |
| SUITE 810 | ) |
| TOWSON, MARYLAND 21204 | ) |
| | ) |
| and | ) |
| | ) |
| DANOFF, KING & HOFMEISTER | ) |
| 409 WASHINGTON AVENUE | ) |
| SUITE 810 | ) |
| TOWSON, MARYLAND 21204 | ) |
| SERVED ON: | ) |
| GERALD DANOFF | ) |
| 409 WASHINGTON AVENUE | ) |
| SUITE 810 | ) |
| TOWSON, MARYLAND 21204 | ) |
| | ) |
| and | ) |
| | ) |
| DAVID McCURDY | ) |
| t/a A.D.M., L.L.C. | ) |
| 7838-C EASTERN AVENUE, N.W. | ) |
| WASHINGTON, D.C. 20012 | ) |
| SERVED ON: | ) |
| MICHAEL N. RUSSO, JR. | ) |

Page 1 of 7

COUNCIL, BARADEL, KOSMERL       )
      NOLAN, PA                      )
125 WEST STREET, 4TH FLOOR       )
P.O. BOX 2289                        )
ANNAPOLIS, MARYLAND 21404       )
                                        )
      Defendants.                  )

### *PLAINTIFFS' FIRST AMENDED COMPLAINT TO SET ASIDE FORECLOSURE SALE*
### *and*
### *QUIET TITLE*

NOW COME, the plaintiffs, by and through their attorney, Darryl F. White, to file this first amended complaint to have the foreclosure sale overturned and to quiet title to the property located at 6932 - 9th Street, N.W., Washington, D.C., as ordered by this Court. The basis for this complaint are as follows:

### *PARTIES*

1.       The Plaintiffs, residents of the District of Columbia, were the owners of record of the subject premises prior to the foreclosure sale that was held on or about February 11, 2002. (See Plf. Exhibit #1, Foreclosure Notice)

2.       Defendant Household Finance Corporation, III, is a financial organization doing business in the District of Columbia, (hereinafter referred to as defendant Household), was the secured party of the Deed of Trust that was the subject of the said foreclosure sale held on February 11, 2002.

3.       Defendant Danoff, King and Hofmeister, PA (hereinafter referred to as defendant Danoff) is a law firm providing legal services in Maryland and the District of Columbia. Defendant Danoff served as Trustee for the said foreclosure sale held for the subject property on or about February 11, 2002.

4.    Defendant David McCurdy, t/a ADM L.L.C. (Hereinafter referred to as defendant ADM) is a limited liability corporation doing business in the District of Columbia. Defendant ADM was the successful bidder at the foreclosure sale held on February 11, 2002 for the subject property.

## *FACTS*

5.    The Note that was the subject of the said foreclosure sale was secured by the defendant Household with a Deed of Trust executed on or about November 16, 1995 and recorded on or about April 9, 1998. (See Plf. Exhibit # 2, Trustee's Deed)

6.    On or about June 9, 2000, a Deed Appointment of Substitute Trustee was filed against the subject property appointing Gerald Danoff, Dennis King and Larry Hofmester, members of the defendant law firm, Danoff, King and Hofmeister, as trustees for the loan made by defendant Household to the plaintiffs. (See Plf. Exhibit # 3, Deed of Appointment of Substitute Trustee).

7.    At the foreclosure sale, defendant ADM was the apparent successful bidder for the subject property. The purchase at foreclosure was not finally settled until September 25, 2002. (See Plf. Exhibit #4, HUD-1, Evergreen Title & Escrow Corp.).

8.    On or about November 28, 2001, the plaintiffs entered negotiations with defendant Household to make arrangements to payoff the arrearage that was due on the subject note. The minimum payment due was $51,886.35. (See Plf. Exhibit #5, Account Summary dated 11/28/01).

9.    On or about January 28, 2002, defendant Household and the plaintiffs negotiated a forbearance of the subject note by deferring the past due balance, along with an adjustment of the interest, to the principal which increased the monthly payments from $1,776.89 to $1,954.58.

(See Plf. Exhibit #6, Account Summary dated 01/28/02, noting that the past due balance was $0.00 on this statement)

## COUNT I
## BREACH OF CONTRACT

10.    The plaintiffs incorporate paragraphs 1 through 9 and state the following:

11.    That the defendant Household failed to adhere to the terms of the renegotiated note by going forward with the foreclosure sale held on or about February 11, 2002 that divested the plaintiffs of fee simple ownership of the subject property.

12.    Furthermore, that the foreclosure sale violated D.C. law due to the fact that the plaintiffs were current under the payment terms of the re-negotiated agreement.  Thus, the plaintiffs were not in default of the re-negotiated note and therefore, the foreclosure sale should not have been held.

*WHEREFORE,* the plaintiffs request that the foreclosure sale be declared void and that the plaintiffs' ownership interest prior to the said sale be reinstated.

## COUNT II
## THE SALE WAS ESTOPPED BY COURT ORDER

The plaintiffs incorporate paragraphs 1 through 12 and state the following:

13.    On or about February 10, 2002, plaintiff Raymond Brown filed bankruptcy in the District Court for the District of Columbia, case no. 02-00262.  The purpose of the filing was to seek the court's protection from the said foreclosure sale.

14.    Despite the automatic stay resulting from the said filing, defendant Danoff and Household went forward with the sale the day after the bankruptcy had been filed.

Page 4 of 7

15.    On or about March 26, 2002, defendant Danoff, on behalf of defendant Household, obtained an Order from the Bankruptcy Court lifting the automatic stay, Nunc Pro Tunc & For Equitable Servitude back to the date of the February 11, 2002, foreclosure sale.

16.    The said Order was issued contingent upon the plaintiffs being in default of the subject note. (See Plf. Exhibit #7, Order Terminating Automatic Stay Nunc Pro Tunc & Equitable Servitude).

17.    Under the terms of the re-negotiated note, the plaintiffs proffer that the payments were current at the time the Order was issued. Therefore, the stay should not have been lifted and that the lifting of the stay should not have been effectuated.

*WHEREFORE,* the plaintiffs request that the foreclosure sale be declared void and that the plaintiff's ownership interest prior to the said sale be reinstated.

## *COUNT III*
### *THE NOTICE OF FORECLOSURE WAS DEFECTIVE*

18.    The plaintiffs incorporate paragraphs 1 though 17 and state the following:

19.    That the defendant received copies that were missing vital information regarding the foreclosure sale, specifically the amount of payment needed to cure the current default. (See Plf. Exhibit #1, Foreclosure Notice)

20.    Pursuant to D.C. law, the plaintiffs are entitled to have this information at least thirty (30) days prior to the date of the foreclosure sale.

21.    Furthermore, D.C. law requires that this information be included on all Notices of Foreclosure Sale of Real Property.

22.    Whereby, this information was not included in the Notice mailed to the plaintiffs, the said Notice was defective, thereby causing the entire foreclosure proceedings to be deficient under D.C. law.

*WHEREFORE,* the plaintiffs request that the foreclosure sale be declared void and that the plaintiff's ownership interest prior to the said sale be reinstated.

## *PRAYER FOR RELIEF*

The plaintiffs incorporate paragraphs 1 through 22 and request the following relief:

a.    That the said foreclosure sale be void for the reasons as stated herein.

b.    That defendant Household be ordered to comply with the terms and conditions of the re-negotiated note as described herein by the plaintiffs.

c.    That all named defendants be ordered to record all of the necessary deeds and releases to reinstate the plaintiffs as owners, in fee simple, subject to the note (secured by the appropriate deed of trust) re-negotiated between the plaintiffs and defendant Household.

d.    That the plaintiffs be awarded any other relief deemed appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

Darryl F\ White /#415229
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
(202) 882-4880
Attorney for the Plaintiffs

## *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing Plaintiffs' First Amended Complaint was mailed, postage pre-paid this *30*<sup>th</sup> Day of *January*, 2003, to the following:

Gerald Danoff
Danoff, King & Hofmeister)
409 Washington Avenue
Suite 810
Towson, Maryland 21204

.

Michael N. Russo, Jr.
Council, Baradel, Kosmerl & Nolan, Pa
125 West Street, 4th Floor
P.o. Box 2289
Annapolis, Maryland 21404





EXHIBIT
NO. 1

RECORDER OF DEEDS

515 "D" STREET, N.W.
WASHINGTON, DC 20001

## NOTICE OF FORECLOSURE SALE OF REAL PROPERTY
## OR CONDOMINIUM UNIT

(Pursuant to Public Law 90-566, approved October 12, 1968)

TO:  (List Name and address of each owner of the real property encumbered by said deed of trust, mortgage, or security instrument.)

Celeana M. Brown, Dorothy W. Barnett (deceased)

6932 9th St., NW Washington, DC 20012

FROM: Danoff, King & Hofmeister, P.A.                    PHONE: 410-583-1686

YOU ARE HEREBY NOTIFIED THAT IN ORDER TO SATISFY THE DEBT SECURED BY THE DEED OF TRUST, MORTGAGE, OR OTHER SECURITY INSTRUMENT, THE REAL PROPERTY OR CONDOMINIUM UNIT HEREIN DESCRIBED WILL BE SOLD AT A FORECLOSURE SALE TO BE HELD AT THE OFFICE OF Alex Cooper Auctioneers, Inc., 5301 Wisconsin Ave., N.W., Suite 750, Washington, DC 20015 ON **February 11, 2002** at **12:30 PM**, THIS

I, hereby certify that a Notice of Foreclosure Sale was sent to the present owner(s) of the real property encumbered by said deed of trust, mortgage, or other security instrument described above, by certified mail, return receipt required on <u>Jan. 11, 2002</u>; and I further certify that I understand that Public Law 90-566 prohibits any foreclosure sale under a power of sale provision contained in any deed of trust, mortgage, or other security instrument until after the owner(s) of the real property encumbered by said deed of trust, mortgage, or security instrument has been given written notice of such sale, and the Recorder of Deeds, D.C. has received a copy of such notice at least 30 days in advance of such sale.

<u>Jan. 11, 2002</u>
(Date)

_____ , agent
(Signature of the Noteholder or his agent)

I, <u>Debbie A. Morgan</u>, a Notary Public in and for <u>the County of Baltimore, State of Maryland</u>. DO HEREBY CERTIFY THAT <u>J.S. Krieger</u>, party/ies to this Notice of Foreclosure Sale bearing date on the <u>11th</u> day of <u>January, 2002</u> personally appeared before me and executed the said Notice of Foreclosure Sale and acknowledged the same to be his/her/their act and deed.

Given under my hand and seal this the <u>11th</u> day of <u>January, 2002</u>.

_____
Notary Public

EXHIBIT
Plaintiff
NO. 2

Assessed Value:   $109,297.00
Bid:              $99,900.00
Lot / Parcel:     126 / 103
Grantee's Address:   Household Finance Corporation III
                     961 Weigel Drive
                     Post Office Box 8632
                     Elmhurst, Illinois  60126


Return to:   John O. Long, III
             GOLD & STANLEY, P.C.
             1800 Diagonal Road, Suite 300
             Alexandria, Virginia 22314

<u>TRUSTEE'S DEED</u>

THIS DEED, made and entered into this 19th day of February, 1998, by and between John O. LONG, III, Substitute Trustee, party of the first part; and HOUSEHOLD FINANCE CORPORATION III , party of the second part.

W I T N E S S E T H :

WHEREAS, Celeana M. Brown (the "Mortgagor(s)") did by Deed of Trust dated November 16, 1995 and recorded as Instrument No. 9500070450 among the land records of the District of Columbia, grant and convey the property hereinafter described unto Mortgage Two Corporation, Trustee, in trust to secure a certain negotiable home equity line promissory note described in said Deed of Trust; and

WHEREAS, by instrument duly recorded as Instrument No. 9700000145 among the aforesaid Land Records, John O. Long, III was appointed Substitute Trustee in the place and stead of the aforesaid Trustee; and

WHEREAS, the party of the first part, by the terms of said Deed of Trust, was empowered, upon default in the payment of the

1

aforesaid note, and upon request of the holder of the note so to do, to sell said property at public auction; and

WHEREAS, default was made in the payment of said note, and the holder thereof requested the party of the first part to sell said property pursuant to the terms of said Deed of Trust; and

WHEREAS, the party of the first part did advertise the time, place and terms of said sale in *The Washington Times*, a newspaper published and having a general circulation in the District of Columbia, in its issues of February 9, 11, 13, 16, and 18, 1998, the date of said sale being fixed in said notice for February 19, 1998 at 9:50 A.M., at Adam A. Weschler & Son, Inc., 909 E Street, N.W., Third Floor, Washington, D.C.; and

WHEREAS, the noteholder gave written notice of the proposed sale pursuant to Public Law 90-566 by certified mail to Celeana M. Brown, the owner of the property at the time of the sale, at the property address and at the last known address of the owners as said address appeared on the records of the noteholder, and recorded among the land records of the District of Columbia a Notice of Foreclosure Sale of Real Property or Condominium Unit, at least thirty (30) days prior to the date of sale; and

WHEREAS, the party of the second part at the time of sale was the holder of the note secured by said Deed of Trust; and

WHEREAS, the party of the first part did at said time and place offer the property for sale at public auction to the highest bidder in strict accordance with the terms of the Deed of Trust, at which sale the party of the second part became the successful

2

bidder therefor for the sum of $99,900.00, that being the highest bid made; said sum being less than the total amount due under the Deed of Trust; and

WHEREAS, to the best of the party of the first part's knowledge, information and belief, none of the Mortgagor(s) are in the military service of the United States of America or have been for six (6) months prior hereto, and are, therefore, not entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act; and

WHEREAS, to the best of the party of the first part's knowledge, information and belief, no default cure was tendered by the deed of trust borrower pursuant to D.C. Code Section 45-715.1; and

WHEREAS, the party of the first part wishes to convey the hereinafter described property unto the party of the second part, as is evidenced by the execution of this Deed;

NOW, THEREFORE, in consideration of the premises and of the sum of TEN DOLLARS ($10.00) paid to the party of the first part by the party of the second part, the party of the first part does hereby grant, bargain, sell and convey with Special Warranty of Title unto the party of the second part, all of that lot or parcel of ground together with its improvements and appurtenances described as follows:

All that certain property situated in tract known as Girl's Portion in the District of Columbia and being described in a deed dated 3/02/92, and recorded 3/9/92, among the land records of the District of Columbia and referenced as follows: Instrument #11679. Parcel 103/126, a part of a tract known as Girl's Portion, as per plat recorded in the Office of the Surveyor for the District of Columbia in plat book 56, Page 128. Being more fully described in instrument #11679.

3

This conveyance is made subject to superior liens, conditions, covenants, agreements, restrictions, reservations, party wall rights, easements, rights of way, other matters of record applicable to the property hereby conveyed, and real estate taxes for the year.

WITNESS the following signatures and seals:

John O. Long) III
Substitute Trustee

STATE OF VIRGINIA          )
                           )TO-WIT:
CITY OF ALEXANDRIA         )

I, the undersigned Notary Public in and for the City and State aforesaid, do certify that this day personally appeared before me John O. Long, III, Substitute Trustee, whose name is signed to the foregoing Trustee's Deed, and acknowledged the same before me in my City and State aforesaid.

Given under my hand this 2nd day of March, 1998.

Notary Public

My Commission Expires: 4-30-99

F:\SHARED\JOL\HFCFCL\JS1441.JOL

4

NO CONSIDERATION

EXHIBIT
Plaintiff
NO. 3

## DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEE

THIS DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEES, made this 9th day of June _____, 2000, by Household Finance Corporation, III, party of the first part, Grantor, and Gerald Danoff, Dennis W. King, and C. Larry Hofmeister, Jr., each of whom may act individually, party of the second part, Grantees.

WHEREAS, on November 16, 1995, Celeana M. Brown executed a Deed of Trust, which is recorded in the Office of the Recorder of Deeds for the District of Columbia at Instrument No. 9500070450, and therein, granted and conveyed the property known as:

Beginning for the same on the West line of Ninth Street Fifty (50) feet wide at the point where said West line is intersected by the North line of Lot Seven (7) in Square Twenty-nine Hundred and Sixty-seven (2967) as shown on plat of subdivision recorded in Liber No. 56, Folio 128 of the Records of the Office of the Surveyor of the District of Columbia; and running thence West with the North line of said Lot Seven (7). One Hundred and Twelve and Fifty-seven Hundreths (112.57) feet to one of the West lines of the part of said tract conveyed by Edith B. Seek to Gilbert S. Seek by deed dated September 7, 1912 and recorded in Liber 3556, Folio 291 of the Land Records of said District; thence with said West line of the part conveyed to Gilbert S. Seek, North Four (4) degrees. Thirty-nine (39) minutes Thirty (30) seconds East, Forty-five and Fifteenth Hundreths (45.15) feet to a peg; thence Easterly One Hundred and Eight and Ninety Hundreths (108.90) feet to a point in the West line of said Ninth Street distant Forty-five (45) feet from the beginning; thence South along said West line of North Street, Forty-five (45) feet to the place of the beginning.

Note: AT THE DATE HEREOF, THE ABOVE DESCRIBED LAND IS DESIGNATED ON THE RECORDS OF THE ASSESSOR FOR THE DISTRICT OF COLUMBIA. AS PARCEL 103/126, FOR ASSESSMENT AND TAXATION PURPOSES.

Property Address: 6932 9th Street, NW, Washington, DC 20012

in trust unto Mortgage Two Corporation., Trustee, to secure payment of a Deed of Trust and Note in the original principal amount of $172,499.19 unto the original beneficiary therein Household Finance Corporation, III.

WHEREAS, said Deed of Trust gives the irrevocable power to appoint Substitute Trustees to the holders of said Note which may be exercised at any time after the date of said Deed of Trust by filing for record among the Office of the Recorder of Deeds for the District of Columbia, A Deed of Appointment; and

WHEREAS, Household Finance Corporation, III desires to remove Mortgage Two Corporation, and any other previously appointed Substitute Trustees, from the foregoing Deed of Trust and to appoint Gerald Danoff, Dennis W. King, and C. Larry Hofmeister, Jr. as Substitute Trustees.

NOW THEREFORE, for good and valuable consideration, Household Finance Corporation, III does hereby appoint Gerald Danoff, Dennis W. King, C. Larry Hofmeister, Jr. as Substitute Trustees in Deed of Trust aforesaid with identically the same title and estate in and to the land, premises and property conveyed by said Deed of Trust, and with all rights, powers, trusts and duties of Mortgage Two Corporation, predecessor-in-trust, with like effect as if originally named as Trustees under said Deed of Trust.

WITNESS the corporate seal of Household Finance Corporation, III, and the signature of its corporate officer.

HOUSEHOLD FINANCE CORPORATION, III

By: _____ (SEAL)

    Steve Carter
    Assistant, Vice President

STATE OF ILLINOIS
CITY OF DUPAGE, TO WIT:

The undersigned, _Jill M. Cruz_____, a Notary Public in and for the State and City aforesaid, does hereby certify that Steve Carter, ASSISTANT VICE PRESIDENT, personally appeared before me in the jurisdiction aforesaid, and, being duly sworn and personally well known to me or reasonably proven to be the person who executed the said Deed of Appointment of Substitute Trustees, bearing the date of ___June 9_____, 2000, and who acknowledged the same to be his willful act and deed in his corporate capacity and that of the said party of the first part, and that he has lawful authority to execute same.

    Given under my hand and seal this _9th_ day of _June_, 2000.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _7/29/02_

After Recording
  Return to:

DANOFF, KING & HOFMEISTER
ATTN:
409 WASHINGTON AVE., #810
TOWSON, MD 21204

OFFICIAL SEAL
JILL M CRUZ
NOTARY PUBLIC STATE OF ILLINOIS
MY COMM. EXP. 07/29/02

Doc# 2000060353
Book:
Pages:    —
Filed & Recorded
06/30/2000  10:54:04 AM
HENRY M. TERRELL
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
SURCHARGE      $      5.00
RECORDING      $     20.00

Cash                    14.62                    8 Mortgage Insurance Case

TE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

E AND ADDRESS OF BORROWER:    A.D.M., LLC
                              1639 HOBART STREET, N.W., WASHINGTON, DC 20009

E AND ADDRESS OF SELLER:      GERALD DANOFF, SUBSTITUTE TRUSTEE, DENNIS W. KING,
                              SUBSTITUTE TRUSTEE and C. LARRY HOFMEISTER, JR., SUB. TRUSTE
                              409 WASHINGTON AVE. #810, TOWSON, MD  21204 TIN:

E AND ADDRESS OF LENDER:

PERTY    6932 9TH STREET, NW
TION:    WASHINGTON, DC 20012
         PARCEL 103/126

LEMENT AGENT:    EVERGREEN TITLE & ESCROW CORP.
E OF SETTLEMENT: 5801 ALLENTOWN ROAD, SUITE 200
                 CAMP SPRINGS, MARYLAND  20746
LEMENT DATE:     September 25, 2002                    TIN: 52-1655568


PLAINTIFF'S EXHIBIT NO. 4    Plaintiff

| SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| OSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| tract sales price | 170,000.00 | 401. Contract sales price | 170,000.00 |
| onal property | | 402. Personal property | |
| ement charges to borrower: | 5,304.25 | 403. | |
| n (line 1400) | | | |
| STING WATER BILL | 323.16 | 404. | |
| | | 405. | |
| MENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| town taxes 2/11/02 to 10/1/02 | 1,285.22 | 406. City/town taxes 2/11/02 to 10/1/02 | 1,285.22 |
| ty taxes to | | 407. County taxes to | |
| essments to | | 408. Assessments to | |
| 11/02-3/4/02 INT @11.751% | 924.00 | 409. 2/11/02-3/4/02 INT @11.751% | 924.00 |
| | | 410. | |
| | | 411. | |
| | | 412. | |
| OSS AMOUNT DUE | | 420. GROSS AMOUNT | |
| OM BORROWER: | 177,836.63 | DUE TO SELLER: | 172,209.22 |
| UNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| osit or earnest money | 38,000.00 | 501. Excess deposit (see instructions) | 38,000.00 |
| cipal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 100.00 |
| ing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| | | 504. Payoff of first mortgage loan | |
| | | 505. Payoff of second mortgage loan | |
| | | 506. TAXES/INT/PENALTY | 16,184.30 |
| | | 507. | |
| | | 508. | |
| | | 509. | |
| MENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| town taxes to | | 510. City/town taxes to | |
| ty taxes to | | 511. County taxes to | |
| ssments to | | 512. Assessments to | |
| | | 513. | |
| | | 514. | |
| | | 515. | |
| | | 516. | |
| | | 517. | |
| | | 518. | |
| | | 519. | |
| L PAID BY/FOR | | 520. TOTAL REDUCTIONS | |
| ROWER: | 38,000.00 | IN AMOUNT DUE TO SELLER: | 54,284.30 |
| T AT SETTLEMENT FROM/TO BORROWER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| amount due from borrower (line 120) | 177,836.63 | 601. Gross amount due to seller (line 420) | 172,209.22 |
| mount paid by/for borrower (line 220) | ( 38,000.00) | 602. Less total reductions in amount due seller (line 520) | ( 54,284.30) |
| ( X FROM)( TO) BORROWER: | 139,836.63 | 603. CASH ( X TO)( FROM) SELLER: | 117,924.92 |

Edition is Obsolete                                Amended 10/87    HUD-1 (3-86) - RESPA, HB 4305.2

ir Settlement Officer for this closing: David A. Edlavitch

FOR ASSISTANCE:
800-547-8776

## ACCOUNT SUMMARY



| Account Number | Closing Date | Payment Due Date | Standard Payment | Amount Past Due | Minimum Amount Due |
|---|---|---|---|---|---|
| 511302-00-113732-4 | 12-28-2001 | 01-21-2002 | 1,776.89 | 50,109.46 | 51,886.35 |

### Account Detail Since Last Statement

| Date | Transaction Description | Amount | Interest and Other Charges | Amount Applied To Balance | *New Balance |
|---|---|---|---|---|---|
| 11-28-2001 | Starting Balance | | | | 175,219.58 |

TO EVALUATE AND MAINTAIN THE QUALITY OF OUR SERVICE TO YOU, YOU AGREE AND CONSENT THAT WE MAY LISTEN TO AND/OR RECORD TELEPHONE CALLS BETWEEN YOU AND OUR REPRESENTATIVE.

YOUR ACCOUNT IS NOW SERIOUSLY OVERDUE. WE EXPECT YOU TO PAY THE AMOUNT PAST DUE IMMEDIATELY.

TO ENSURE PROPER AND PROMPT CREDIT IS APPLIED TO YOUR HFC ACCOUNT, ALWAYS RETURN THE TOP PORTION OF YOUR BILLING STATEMENT WITH YOUR PAYMENT. IF YOUR NAME OR ADDRESS APPEARS INCORRECT, PLEASE LET US KNOW. WE TAKE PRIDE IN ADDRESSING OUR CUSTOMER PROPERLY.

You can now make your payments online at www.Householdfinance.com. In person or online, HFC is here for you.

*New Balance may or may not include interest accrued since the billing date. If you would like to determine your payo have questions on this billing, please call Customer Service at 800-547-8776. Address written inquiries and all nonpay to Household Customer Service, 961 WEIGEL DRIVE, ELMHURST IL 60126. Mail payment to: HOUSEHOLD FINANCE BOX 17574, BALTIMORE MD 21297.

STMT2140 (07/00)



EXHIBIT
NO. 6    Plaintiff

**FOR ASSISTANCE:**
P O BOX 1547
CHESAPEAKE VA 23320
800-547-8776

## ACCOUNT SUMMARY

| Account Number | Closing Date | Payment Due Date | Standard Payment | Amount Past Due | Minimum Amount Due |
|---|---|---|---|---|---|
| 511302-00-113732-4 | 02-28-2002 | 04-21-2002 | 1,954.58 | .00 | 1,954.58 |

### Account Detail Since Last Statement

| Date | Transaction Description | Amount | Interest and Other Charges | Amount Applied To Balance | *New Balance |
|---|---|---|---|---|---|
| 01-28-2002 | Starting Balance | | | | 175,219.58 |

TO ENSURE PROPER AND PROMPT CREDIT IS APPLIED TO YOUR HFC
ACCOUNT, ALWAYS RETURN THE TOP PORTION OF YOUR BILLING STATEMENT
WITH YOUR PAYMENT. IF YOUR NAME OR ADDRESS APPEARS INCORRECT,
PLEASE LET US KNOW. WE TAKE PRIDE IN ADDRESSING OUR CUSTOMER
PROPERLY.

You can now make your payments online at
www.Householdfinance.com. In person or online, HFC is here for
you.

*PAID 5/30/02*

Page 1 of 1

*New Balance may or may not include interest accrued since the billing date. If you would like to determine your payoff balance or if you
have questions on this billing, please call Customer Service at 800-547-8776. Address written inquiries and all nonpayment correspondence
to Household Customer Service, P O BOX 1547, CHESAPEAKE VA 23320. Mail payment to: HOUSEHOLD FINANCE CORPORATION, P O
BOX 17574, BALTIMORE MD 21297.

STMT2140 (07/00)

EXHIBIT
NO. 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | * |
| | * |
| RAYMOND BROWN | * CASE NO.: 02-00262 |
| | * |
| Debtor | * CHAPTER 13 |
| | * |
| HOUSEHOLD FINANCE CORPORATION, III | * |
| 961 Weigel Drive | * |
| Elmhurst, Illinois 60126 | * |

**FILED AND ENTERED**

**MAR 2 6 2002**

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

| | |
|---|---|
| Movant | * |
| | * |
| vs. | * |
| | * |
| CELEANA M. BROWN | * |
| RAYMOND E. BROWN | * |
| 6932 9th Street, NE | * |
| Washington, DC 20012 | * |
| | * |
| Respondents | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

ORDER TERMINATING AUTOMATIC STAY NUNC PRO TUNC & FOR EQUITABLE
SERVITUDE

unopposed

The Motion of Household Finance Corporation, III, ("Movant"), seeking relief from the stay

consideration by ❐

("Motion") imposed by 11 U.S.C. §362, came on for ~~hearing before~~ this Court to allow Movant to

foreclose on the real property of the Debtor known as 6932 Ninth Street, N.W., Washington,

DC 20012 ("Property"). After consideration of the Motion, it is hereby:

**ORDERED**, that the automatic stay of §362 of the Bankruptcy Code be and is hereby

terminated as to Movant regarding its interest in the Property to permit foreclosure on the Property

The automatic stay shall also be terminated to allow the successful purchaser to take whatever

lawful steps it deems necessary to obtain possession of the Property; and it is further

**ORDERED**, that this Court modify the stay imposed by 11 U.S.C. Section 362 to allow

Movant to foreclose on the Property secured by the Deed of Trust, recorded with the Recorder of

Deeds in the District of Columbia as Instrument No. 70450; imposing equitable servitude on said

property, allowing the foreclosure sale to continue irrespective of any future Bankruptcy filings by

Raymond Brown, Debtor, Celeana M. Brown, Respondent, or their transferees and assigns; ~~and it is~~

~~further~~ *unless and until the debt has been brought current, ~~and it is~~*

*and it is*

    **ORDERED,** that the relief from automatic stay be granted Nunc Pro Tunc to allow the sale

of the Property on February 11, 2002; and it is further

    **ORDERED**, that in the event this case is converted to any other Chapter under the

Bankruptcy Code, the automatic stay provided by §362, as it pertains to Raymond Brown, Debtor,

Celeana M. Brown, Respondent, or their transferees and assignees, be and is hereby terminated as to

Movant, consistent with the terms of this Order.


Date:_____*March 26, 2002*_____    _____

                                                 S. Martin Teel, Jr.

                                                 Judge, U.S. Bankruptcy Court


cc:     Gerald Danoff, Esquire
         Danoff, King & Hofmeister, P.A.
         Suite 810, 409 Washington Ave.
         Towson, MD 21204
         Attorney for Movant

         Raymond Brown
         6932 Ninth Street, N.W.
         Washington, DC 20012
         Debtor, Pro Se

         Celeana Marie Brown
         Raymond E. Brown
         6932 Ninth Street, N.W.
         Washington, DC 20012
         Respondents

         Cynthia Niklas
         4545 42nd Street, N.W., Suite 211
         Washington, DC 20016
         Chapter 13 Trustee

COPIES MAILED TO THE ABOVE NAMED
THIS 27 DAY OF _____, 20__
_____
DEPUTY CLERK