UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND BROWN and <br> CELEANA BROWN | * <br> * |
| Plaintiff | * |
| vs. | *   Case No.: 1:06CV00364 |
| HSBC FINANCE CORPORATION <br> D/B/A HOUSEHOLD FINANCE CORPORATION | * <br><br> * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, HSBC Finance Corporation d/b/a Household Finance Corporation III ("Household"), by Gerald Danoff, Esq. and Danoff & King, P.A., its attorneys, and hereby moves, pursuant to S.C.R. 56, for Summary Judgment as to all counts and claims in the above entitled action and in support thereof say:

1. There is no genuine dispute as to any material fact and the Defendants are entitled to a judgment, as a matter of law.

2. In support of its Motion, the Defendant Household offers the accompanying Memorandum of Points and Authorities and the pleadings and papers incorporated therein.

3. Plaintiffs do not consent to this Motion.

WHEREFORE for reasons set forth above and as set forth in the accompanying Memorandum, Defendant Household respectfully requests that this Court enter an Order:

A. Granting Summary Judgment to Defendant Household and against the Plaintiffs as to all counts of the Complaint;

B. Dismissing this case with prejudice in its entirety; and

C. Providing any further relief as the Court may deem appropriate.

Respectfully submitted,
DANOFF & KING, P.A.


/s/ [Gerald Danoff]
Gerald Danoff, #01244
Danoff & King, P.A.
409 Washington Avenue, Suite 810
Towson, MD 21204
(410)583-1686
*Attorney for Defendant Household*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2007, a copy of the foregoing document was mailed, U.S. postage prepaid, to the following:

Jeffrey E. Styles, Esq., 1301 Pennsylvania Avenue, S.E., Washington, D.C. 20003, attorney for the Plaintiffs.


/s/[Gerald Danoff]
Gerald Danoff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND BROWN and<br>CELEANA BROWN | *<br>* |
| Plaintiff | * |
| vs. | *   Case No.:  1:06CV00364 |
| HSBC FINANCE CORPORATION<br>D/B/A HOUSEHOLD FINANCE CORPORATION | *<br><br>* |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \*

### AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant HBSC Finance Corporation d/b/a Household Finance Corporation, III, (" Household") by Gerald Danoff, Esq. and Danoff & King, P.A., its attorneys, and offers this Memorandum of Points and Authorities in Support of Motion for Summary Judgment, pursuant to S.C.R. 56, and says:

I. Facts

On November 16, 1995, Defendant Household, advanced $172,499.19 to Plaintiffs Raymond E. Brown and Celeana Brown which was secured by a Deed of Trust on real property known as 6932 Ninth Street, N.W. Washington, D.C. 20012 ("the subject property").  Falling behind in their payments, Household initiated foreclosure proceedings against the Plaintiffs and the Subject Property in December of 1996.  Since that date, Plaintiffs Raymond E. Brown and Celeana M. Brown have engaged in a pattern of serial bankruptcy filings (six [6] total filings) in an effort to stop scheduled foreclosure sales on the Subject Property.

On February 11, 2002, a foreclosure sale was conducted and the Subject Property was purchased by A.D.M., LLC. Subsequent to the sale, Defendant Household learned that the Browns had filed a bankruptcy.  Defendant Household then petitioned the U.S. Bankruptcy Court and on March 29, 2002, an Order was entered terminating the automatic stay <u>Nunc Pro Tunc</u> and granting equitable servitude.

After settlement on the sale of the Subject Property occurred, the Plaintiffs filed a *pro se* Complaint (Case No. 02-CA-0005309) and a Motion for Temporary Restraining Order and Motion for Preliminary Injunction seeking to stop and/or undo the foreclosure sale (which had already occurred) and to get the Subject Property back. In addition to this action, the purchaser of the Subject Property filed an action in the Landlord and Tenant Branch of this court (Case No. LT36500-02) to evict the Browns from the Subject Property. They were represented by counsel, Darryl White, and in January of 2003 the Plaintiffs filed a First Amended Complaint to Set Aside Foreclosure Sale and Quiet Title again in an effort to set aside the February 2002 foreclosure sale.

On February 14, 2003, prior to a hearing in the landlord/tenant case referenced above, which would have resulted in the Browns being evicted from the Subject Property, the parties settled all outstanding issues in the Plaintiffs' *pro se* Complaint and First Amended Complaint. A Mutual Release and Settlement Agreement was signed in which the Browns, then represented by attorney Darryl White, agreed to dismiss with prejudice their pending suit (Case No. 02-CA-005309) and never to challenge the February 11, 2002, foreclosure sale. The Browns furthermore agreed to release any such claim to possession of or title to the Subject Property except as set forth in the agreement. Thereafter the Plaintiffs, through their attorney Darryl White, dismissed with prejudice their Amended Complaint and any and all other claims brought in that case. The Plaintiffs' challenges to the February 2002 foreclosure sale and their claim of ownership to the Subject Property was over.

However, two months later, on April 25, 2003, in an effort to get around the Mutual Release and Settlement Agreement and the Stipulation of Dismissal with prejudice, the Plaintiffs filed a *pro se* Motion to Re-open the case which was denied on July 8, 2003, by the Honorable John M. Campbell. Judge Campbell's Order confirmed that this case was settled, dismissed and closed in its entirety.

Surprisingly, and without regard to the Mutual Release and Settlement Agreement, the Stipulation of Dismissal with prejudice and Judge Campbell's Order denying the Plaintiff's Motion to Re-open, in April of 2004, the Plaintiffs filed another *pro se* lawsuit (Case No. 04-CA-002855) requesting injunctive and other relief associated with the Subject Property and the February 2002 foreclosure sale. Fortunately, this Court recognized that the issues raised in Case No. 04-CA-002855 were the same issues raised, settled, released and dismissed with prejudice in Case No. 02-CA-005309, and on April 2, 2004, denied Plaintiffs request for injunctive relief and dismissed the case. Once again, this Court confirmed that the Plaintiffs' challenges to the February 2002 foreclosure sale and their claim of ownership to the Subject Property were over.

Next, Case No. 04-CA-4521 was subsequently filed and dismissed. The same issues were present in that case as well.

Once again, however, Plaintiffs Raymond E. Brown and Celeana S. Brown, have re-emerged and filed another lawsuit, the fourth of its kind, seeking the same relief as they sought in the previous three actions (Case No. 02-CA-005309, Case No. 04-CA-002855 and Case No. 04-CA-4521). As set forth below, due to the Mutual Release and Settlement Agreement and Stipulation of Dismissal with prejudice signed and filed by the Plaintiffs, through their attorney, in Case No. 02-CA-005309, and based on the doctrines of *res judicata* and *collateral estoppel*, the Plaintiffs are forever barred from bringing forth the same issues in the current action as they brought forth in Case No. 02-CA-005309, Case No. 04-CA-002855 and Case No. 04-CA-4521 and the Defendants are therefore entitled to judgment as a matter of law.

## II. Procedural History

For the purposes of this Motion for Summary Judgment it is important for this Court to be advised of the underpinnings of this instant action and to be aware of how this case fits into and attempts to raise the same issues with the same facts as the earlier case of <u>Raymond E. Brown v. Danoff, King & Hofmeister, et al.</u>, Case No. 02-CA-005309 that was settled in its entirety on February 14, 2003. Accordingly, a brief statement of the procedural history of Case

No. 02-CA-005309 is warranted to help this Court understand why the Plaintiffs' current lawsuit is prohibited on grounds of *res judicata* and *collateral estoppel*.

The original Complaint in Case No. 02-CA-005309 was filed on June 28, 2002, pro se by Plaintiff Raymond E. Brown to stop the alleged wrongful foreclosure on Plaintiffs' property located at 6932 Ninth Street, N.W., Washington, D.C. Contemporaneous with the filing of the Complaint, the pro se Plaintiffs filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction again seeking to stop an alleged wrongful foreclosure. Thereafter, on November 11, 2002, A.D.M., LLC filed a Motion to Dismiss arguing insufficiency of process and insufficiency of service of process and that the complaint failed to state a claim upon which relief could be granted because the Complaint: 1) failed to assert any allegations in support of Plaintiffs' demands, 2) failed to identify the property at issue, and 3) failed to describe the actions of the Defendants that would justify judgment on the Plaintiff's behalf.

Plaintiff thereafter filed an opposition to Defendant's Motion to Dismiss, which the Court subsequently denied on February 12, 2003. This court also denied the Plaintiffs' Motion for a Temporary Restraining Order and Motion for Preliminary Injunction as moot, because the foreclosure sale had already occurred and the buyers from the foreclosure sale had been joined as parties.

In the meantime, and then represented by counsel, on January 30, 2003, Plaintiffs Raymond Brown and Celeana Brown filed a First Amended Complaint to Set Aside Foreclosure Sale and Quiet Title[1] naming Household, Danoff, King & Hofmeister and David McCurdy t/a A.D.M., LLC as Defendants and alleging breach of contract (Count I), that the foreclosure was defective (Count II), all relating to a foreclosure sale that was held on February 11, 2002, at which Defendant A.D.M., LLC was the successful bidder.

---

1 See Plaintiffs' First Amended Complaint to Set Aside Foreclosure Sale and Quiet Title attached hereto as Exhibit 1.

Thereafter, on February 14, 2003, the parties settled all outstanding matters in this case as signed a Mutual Release and Settlement Agreement,[2] which read, in relevant part:

"5. Browns, HFC, DKH and ADM each dismiss with prejudice the pending title suit Browns agree never to challenge the foreclosure sale and to release any such claims to possession of or title to the subject property except as set forth above."

A Praecipe of Dismissal with Prejudice was then filed in which Plaintiffs Raymond Brown and Celeana Brown, through their counsel, Darryl White, dismissed with prejudice the Amended Complaint and any and all other claims brought in the case.[3]

Thereafter on April 23, 2003, Darryl White, attorney for the Plaintiffs in Case No. 02-CA-005309, filed a Motion to Withdraw advising the court that his services were terminated by the Plaintiffs who desired to proceed with additional matters in the case, despite the February 14, 2003, global settlement of all issues and claims and the subsequent dismissal with prejudice[4]. Attorney White's Motion was granted on May 5, 2003.

On April 25, 2003, the Plaintiffs filed a pro se Motion to Vacate Consent Judgment and a pro se Motion to Re-open The Case on the grounds that the Plaintiffs' lawyer filed motions not in their best interest.[5] Defendants Household, David McCurdy and A.D.M., LLC filed vigorous responses to the Plaintiff's pro se Motion to Vacate Consent Judgment and pro se Motion to Re-open The Case.[6] On July 8, 2003, the Honorable John M. Campbell of this Court denied

---

[2] See Mutual Release and Settlement Agreement attached hereto as Exhibit 2. As can be seen from Exhibit 2, the Settlement Agreement greatly benefited the Plaintiffs. Specifically, the Plaintiffs were on the verge of eviction when they reached the Agreement, which occurred immediately prior to the landlord/tenant branch's hearing on the Plaintiff's Plea of Title in the eviction proceeding filed against them (LT 36500-02).
[3] See praecipe of Dismissal with Prejudice attached hereto as Exhibit 3.
[4] See Motion to Withdraw attached hereto collectively as Exhibit 4.
[5] See Pro Se Motion To Vacate Consent Judgment and Pro Se Motion To Re-open The Case attached hereto as Exhibit 5.
[6] See Answer to Motion to Strike Settlement attached hereto as Exhibit 6 and Opposition to Motion to Re-open Case attached hereto as Exhibit 7.

Plaintiffs' Motion to Vacate Consent Judgment and Re-open the Case.[7] This case appeared settled, dismissed and closed in its entirety.

Surprisingly, and in direct contravention to the settlement and dismissal and Order denying Motion to Re-open, in the spring of 2004, the Plaintiffs filed another Motion for Temporary Restraining Order in <u>Raymond E. Brown v. Household Finance Corporation, III, et al.</u>, Case No. 04-CA-002855,[8] to which Defendant Household filed an Opposition on April 20, 2004, and Defendant NICA Investments, LLC on April 27, 2004.[9] On April 27, 2004, this Court denied the Plaintiffs' request for injunctive relief and dismissed the case for the reasons set forth in Defendants' opposition, namely[10], the original case (Case No. 02-CA-005309) was settled and dismissed with prejudice by the Plaintiffs.

Thereafter, on June 15, 2004, in direct contravention to the above, the Plaintiffs reemerged to file Case No. 04-CA4521, seeking the same relief as they did in the previous two actions (Case No 02-CA-005309 & Case No. 04-CA-002855).[11] Defendant NICA Investments, LLC again filed an Opposition on June 24, 2004[12]; the same day, that case was dismissed, in the same way as the others.[13] Now the instant case has been filed with the **same exact issues**. Will the filing of the same claims over and over ever come to an end?

### III. Standard of Review

S.C.R. 56 (c) provides that the trial court should grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[7] See July 8, 2003, Order Denying Motion to Re-open Case attached hereto as Exhibit 8.

[8] See Plaintiff's Pro Se Motion Requesting a Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 9.

[9] See Opposition to Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 10.

[10] See April 27, 2004, Order Denying Motion for Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 11.

[11] See Plaintiff's Pro Se Motion Requesting a Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 12.

[12] See Opposition to Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 13.

[13] See June 24, 2004, Order Denying Motion for Temporary Restraining Order and Preliminary Injunction attached hereto as Exhibit 14.

party is entitled to a judgment as a matter of law." Furthermore, "a party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, within the time prescribed by Court order, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." S.C.R. (b).

The moving party has the burden of clearly showing that there is no genuine issue of fact. *Malcolm Price, Inc. v. Sloane,* 308 A.2d779 (App.D.C.1973). Any doubt as to the existence of any genuine issue of fact is held against the moving party, and any material used in the motion is viewed in the light most favorable to the non-moving party. *International Underwriters, Inc. v. Boyle*, 365 A.2d 779, 782 (App. D.C. 1976).

IV. Argument

This current lawsuit is based on the same facts and raises the same issues that were previously adjudicated before this court and settled in their entirety in the case of Raymond Brown, et al v. Household Finance Corporation, III, et al., Case No. 04-CA-002855 and therefore judgment in favor of Defendant Household should be granted.

In Case No. 02-CA-005309, Plaintiffs' First Amended Complaint filed on January 30, 2003, sought to set aside a foreclosure sale and to quiet title to a parcel of property located at 6932 Ninth Street, N.W., Washington, D.C. Specifically, Plaintiffs alleged in Count I (Breach of Contract) that by moving forward with the February 11, 2002, foreclosure sale on the subject property, Defendant Household, failed to adhere to the terms of a renegotiated note to which the Plaintiffs were current under its terms and not in default[14]. Plaintiffs also alleged in Count II (The Sale Was Estopped by Court Order) that based on a February 10, 2002 bankruptcy filing[15] in the Bankruptcy Court for the District of Columbia (Case No. 02-00262) the Plaintiffs and the subject property were protected from the foreclosure sale because of the automatic stay.

---

[14] See Exhibit 1 at page 4.
[15] Having advanced $172,499.19 to the Plaintiffs on November 16, 1995, which was secured by a Deed of Trust to the subject property, Household Finance Corporation first initiated foreclosure proceedings against the Plaintiffs and the subject property in December of 1996. Since that date, Raymond E. Brown and Celeana M. Brown have engaged in a pattern of serial bankruptcy filings and have filed six (6) bankruptcies to stop scheduled foreclosures on the subject property.

Furthermore, although on March 26, 2002, Defendant Danoff, King & Hofmeister, P.A. on behalf of Defendant Household obtained an Order from the Bankruptcy Court lifting the automatic stay, Nunc Pro Tunc and For Equitable Servitude back to the date of the February 11, 2002, foreclosure sale, that Order was issued contingent upon the Plaintiffs being in default of the re-negotiated note to which the Plaintiffs alleged they were not.[16]  Finally, in Count III (The Notice of Foreclosure was Defective) of the Plaintiffs' Amended Complaint, Plaintiffs argued that the Notices for the foreclosure sale were missing vital information rendering them defective and the foreclosure sale, deficient.[17]

On February 14, 2003, Raymond and Celeana Brown, whom were both represented by legal counsel, signed a Mutual Release and Settlement Agreement immediately prior to the Landlord/Tenant Branch's hearing on the Plaintiff's Plea of Title[18] in an eviction proceeding filed against them (LT 36500-02).  Had the settlement not occurred, it was very likely that the Plaintiffs would have been evicted from the subject property.

The Mutual Release and Settlement Agreement stated:

"5. Browns, HFC, DKH and ADM each dismiss with prejudice the pending title suit Browns agree never to challenge the foreclosure sale and to release any such claims to possession of or title to the subject property except as set forth above."[19]

In addition to the Mutual Release and Settlement Agreement, which was executed by Plaintiffs' themselves, Plaintiffs' counsel, with Plaintiffs' express authority, as set forth in the Release, stipulated to the Dismissal With Prejudice of the then pending action.  This Dismissal was filed with the Clerk of this Court on February 14, 2003 and acts as adjudication on the

---

[16] See Exhibit 1 at pages 4 and 5.
[17] See Exhibit 1 at pages 5 and 6.
[18] The Plaintiff's Plea of Title asserted the same positions as asserted by the Plaintiffs in the 02-005309 matter.
[19] See Exhibit 1.

merits of all actions then pending. See, S.C.R. 41(a)(1)(ii); see also, *Davis v. Davis,* 663 A.2d 499 (1995), *Colbert Refrigeration Co v. Edwards*, 356 A.2d 331 (1976).

On April 25, 2003, the Browns acting *pro se*, filed a motion to re-open the case and filed a Motion to Strike the Settlement. This court denied Plaintiffs Raymond and Celeana Brown's motions "having determined that the relief requested in the Motion to Re-open Case is not appropriate[20]. The Plaintiffs then again attempted to circumvent their settlement agreement and dismissal with prejudice by filing a second lawsuit, Case No. 04-CA-002855, raising the same issues and allegations and based on the same facts as those in Case No. 02-CA-005309. Not surprisingly, this Court dismissed that case on the grounds that the Plaintiffs had already settled the matter and dismissed the case with prejudice in Case No. 02-CA-005309[21].

The Plaintiffs then filed yet a third lawsuit addressing issues pertaining to the underlying property that are identical to the matter in which they signed both a Mutual Release and Settlement Agreement and agreed to a Praecipe of Dismissal With Prejudice filed by their legal counsel. Interestingly, neither Mr. nor Mrs. Brown have any interest in the property upon which the current complaint is based.

The settlement Agreement and Praecipe in the first case, Case No. 02-CA-005309, directing the clerk to dismiss the complaint with prejudice acts as *res judicata* of matters covered by this current cause of action and attaches to all component parts of the controversy. *Res Judicata*, as defined by the Seventh Edition of Black's Law Dictionary, means "a thing adjudicated" and is a defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions.

According to the Restatement (Second) of Judgments, § 17, 24 (1982), the three essential elements of *res judicata* are:

(1) an earlier decision on the issue;

(2) a final judgment on the merits; and

---

[20] See Exhibit 6.
[21] See Exhibit 8.

   (3) the involvement of the same parties, or parties of privity with the original parties.

 In the earlier case, Case No. 02-CA-005309, the Plaintiffs executed a Mutual Release and Settlement Agreement and they and their counsel, Darryl White, executed and filed a Praecipe of Dismissal with Prejudice. Pursuant to the laws of the District of Columbia, a dismissal with prejudice implies a decision on the merits either after an adjudication of a right or pursuant to an agreement between parties and the same issues relying on the same facts as those found in the earlier case, the doctrine of *res judicata* prohibits the Plaintiffs from moving forward with this current action.

 In *Burns v. Fincke,* 197 F.2d 165, 90 U.S.App.D.C. 381, 382 (D.C. Cir), the United States Court of Appeals for the District of Columbia was presented with a situation similar to the case at bar wherein two individuals settled a lawsuit and filed a praecipe directing the clerk of the court to dismiss the complaint with prejudice, only to have one of the individuals file a second lawsuit on the same subject matter. The *Burns* Court held that the filing of a praecipe of dismissal "with prejudice" constituted a stipulation within the Federal Rules of Civil Procedure authorizing dismissal without court order by filing stipulation of dismissal, <u>and such action was res judicata of matters covered by cause of action and counterclaim, and res judicata attached to component parts of cause of action.</u>

 In *Burns*, Burns and Fincke were partners engaged in the business of buying and selling new and used aircraft, aircraft engines, parts and accessories. After the partnership terminated, Burns and Fincke executed an agreement to settle disputed accounts between them. Shortly thereafter, Burns sued Fincke to recover for breach of the settlement agreement and also for specific performance. Fincke then counter-claimed. Both parties then settled their claims and filed praecipes directing the clerk to dismiss the complaint and the counter-claim, with prejudice.

 Subsequent to the dismissals, Burns filed a second lawsuit claiming Fincke converted property belonging to Burns, such conversion allegedly occurring <u>before</u> the termination of the partnership and the initial lawsuit and counter-suit. The alleged converted property, however,

was a component of the original settlement agreement between the parties. Fincke argued that the prior action was *res judicata* prohibiting Burns's second lawsuit. The *Burns* Court agreed finding, as indicating above, that the first action was *res judicata* of the matters covered by the cause of action and counterclaim therein. Id. At 166. because the alleged converted property in the second action was a part of the disputed matter that led to the settlement agreement that was at the heart of the first lawsuit (and counter-suit), when the first action was dismissed with prejudice, *res judicata* attached to the subject matter of the first action and also attached to this component parts thereby prohibiting Burns's second lawsuit.

Similarly, when the Plaintiffs executed the Release and Settlement Agreement in Case No. 02-CA-005309, and they and their counsel then executed and filed the Praecipe of Dismissal with prejudice, under the law of the District of Columbia, as highlighted by *Burns*, the dismissal with prejudice acts as *res judicata* as to the issues and subject matter of the earlier case. Because the issues and subject matter of the Plaintiffs' current lawsuit are identical to the issues and subject matter of their earlier lawsuit, the Plaintiffs' current lawsuit is barred by the doctrine of *res judicata* and Defendant Household is entitled to judgment as a matter of law.

Furthermore, under the doctrine of *collateral estoppel,* the judgment in a prior action is conclusive as to all issues raised in the subsequent action if such issues were actually raised and litigated in the prior action. *Owen v. Simons*, 134 A.2d at 94. Plaintiffs' most recent complaint is barred as all claims and issues have been precluded by the Settlement Agreement and Dismissal With Prejudice, as confirmed by the dismissal of their second suit (Case No. 04-CA-002855) on April 27, 2004.[22]

## V. Conclusion

WHEREFORE, for reasons set forth above, and as supported by the Mutual Release and Settlement Agreement and Praecipe of Dismissal With Prejudice in Raymond Brown, et al v. Danoff, King & Hofmeister, et al, Case No. 02-CA-005309, the Order denying the Plaintiffs'

---

[22] See Exhibit 8.

Motion to Re-open same, and the Order denying injunctive relief and dismissing the suit in <u>Raymond E. Brown, et al v. Household Finance Corporation, III, et al.</u>, Case no 04-CA-002855 and the dismissal of 04-CA-4521, it is respectfully requested that the Court grant summary judgment in favor of Defendant Household against Plaintiffs Raymond E. Brown and Celeana S. Brown and provide any further relief as the Court may deem appropriate.

        Respectfully submitted,
        DANOFF & KING, P.A.


        /s/ Gerald Danoff
        Gerald Danoff
        Danoff & King, P.A.
        409 Washington Avenue, Suite 810
        Towson, MD 21204
        (410)583-1686
        *Attorney for Defendant Household*


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 12th day of February, 2007, a copy of the foregoing document was mailed, U.S. postage prepaid, to the following:

Jeffrey E. Styles, Esq., 1301 Pennsylvania Avenue, S.E., Washington, D.C. 20003, attorney for the Plaintiffs.


        /s/Gerald Danoff
        Gerald Danoff