# EXHIBIT 6

RECEIVED MAY 2 2 2003

//490.23

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| RAYMOND BROWN <br> CELEANA BROWN <br> 6932 9TH Street, NW <br> Washington, DC 20012 <br><br> Plaintiffs <br> vs. <br><br> HOUSEHOLD FINANCE CORPORATION, III, ET AL. <br><br> Defendant(s) | Civil Action No.: 02ca005309 <br> Action in Real Property <br> Calendar No.: 12 <br> Judge Campbell |

## ANSWER TO MOTION TO STRIKE SETTLEMENT

Household Finance Corporation, III, by its attorneys, Gerald Danoff and Danoff, King & Hofmeister, P.A., hereby requests the Court to deny the Motion filed by Plaintiffs, and states:

1. On November 16, 1995, Household Finance Corporation, III ("Household") advanced the sum of $172,499.19 ("Loan") to the Plaintiffs, as evidenced by the Deed of Trust.

2. As security for the Loan, Plaintiffs pledged certain real property known as 6932 Ninth Street, N.W., Washington, DC 20012 ("Property"). Said Deed of Trust is duly recorded with the Recorder of Deeds in the District of Columbia as Instrument No. 70450.

3. Household Finance Corporation first initiated foreclosure proceedings in December, 1996. Since that date, Raymond E. Brown and Celeana M. Brown ('the Browns") have engaged in a pattern of serial bankruptcy filings.

4. The Browns have filed 6 Bankruptcies to stop scheduled foreclosure sales.

5. A foreclosure sale was conducted on February 11, 2002 and, subsequent to the sale, Defendant learned that Brown had filed a Bankruptcy.

6. On March 29, 2002 an Order of the U.S. Bankruptcy Court was entered terminating the automatic stay <u>Nunc Pro Tunc</u> and granting equitable servitude.

5/20/03

7. Settlement on the sale of the property occurred, after which the Browns filed this action against all the parties to the sale.

8. The Plaintiffs filed this action pro se and subsequently retained Mr. White to represent them.

9. In addition to this action, the purchaser of the property filed an action in the Landlord and Tenant Branch of the Court.

10. Prior to a hearing on February 14, 2003 the parties reached a settlement. The Browns were represented by counsel at that time. The settlement agreement was signed by all the parties. A copy of that Mutual Release and Settlement Agreement is attached hereto as Exhibit "A."

11. At no time were the Browns under duress or forced to sign the settlement agreement. The Browns entered into the agreement of their own free will and volition.

WHEREFORE the Defendant prays that this Motion to strike settlement be denied.

_____
GERALD DANOFF, ESQUIRE, # 473777
DANOFF, KING & HOFMEISTER, P.A.
409 Washington Ave., Ste. 810
Towson, Maryland 21204
(410) 583-1686

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of May, 2003, a copy of the foregoing Answer to Motion to Strike Settlement was mailed by first class mail, postage prepaid to Raymond E. Brown and Celeana Brown, 1451 Clairidge Road, Gwen Oak, Maryland 21207, Plaintiffs; Darryl F. White, 4308 Georgia Avenue, NW, Washington, DC 20011, Attorney for Plaintiffs; ADM, LLC, c/o David McCurdy, 1639 Hobart Street, NW, Washington, DC 20009; Michael N. Russo, Jr., 125 West Street, 4th Floor, P.O. Box 2289, Annapolis, Maryland 21404.

_____
Gerald Danoff

February 14, 2003

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

Whereas, Raymond and Celeana Brown ("Browns") were owners in fee simple of property located at 6932 9th Street, N.W., Washington, DC 20012, Parcel 103/126 ("the Subject Property";

Whereas, Household Finance Corporation ("HFC") were grantees of a deed of trust from the Browns secured by the subject property ("HFC deed of trust");

Whereas, Gerald Danoff, Dennis W. King and C. Larrry Hoffmeister each attorneys with the law firm Danoff, King and Hoffmeister " (collectively "DKH") were substitute trustees on the HFC deed of trust,

Whereas, HFC contends that the HFC deed of trust was in default and that they instructed DKH to institute foreclosure proceedings;

Whereas, HFC and DKH contend that they properly noticed, advertised and otherwise conducted the foreclosure sale;

Whereas, the Browns dispute that they were in default or that the foreclosure sale was properly conducted;

Whereas, the foreclosure sale was conducted on February 11, 2002, and ADM, LLC ("ADM") purchased the subject property at the auction;

Whereas, the Browns instituted an action in the Superior Court for the District of Columbia, captioned *Raymond and Celena Brown v. Household Finance Corporation, Inc., Danoff, King & Hofmeister and David McCurdy t/a*

1                                              EXHIBIT A

*ADM, LLC*, case no.: 02ca005309 seeking to set aside the foreclosure sale of the subject property ("title suit");

Whereas, ADM instituted proceedings in the Landlord and Tenant Branch of the Superior Court for the District of Columbia case no: LT 36500-02 seeking possession of the subject property ("L&T Suit");

Whereas, The parties wish to bring a resolution to all their controversies and to resolve all law suits between them;

Now therefore, without admitting any responsibility or liability for each or any of them, the parties hereto agree as follows:

1. In the L&T Suit, the parties stipulate that a judgment by consent for possession in favor of ADM against the Browns shall be entered; possession stayed pending provisions of paragraphs 2 and 3 below.

2. Browns shall have possession of the subject property until 6/15/03.

3. ~~Butlers~~ Browns pay ADM total of $4,500 rent in monthly installments due: March 15, 2003: $1,500; April 15, 2003: $1,500; and May 15, 2003: $1,500. Rent paid into the Court. If any payment missed, stay in paragraph 1 automatically lifts and ADM gets immediate possession.

4. On June ~~18~~ 15, 2003 Household Finance Corp shall pay $1,500 to Butlers if the subject property is vacated and broom clean; or, to ADM if property not vacated and broom clean. If any monthly payment called for in paragraph 3 is late this $1,500 goes to ADM. HFC will pay the $1,500 to Council, Baradel, Kosmerl,. and Nolan P.A to be held in that

2

firm's escrow account pending a joint instruction from HFC and ADM as to payment.

5. Browns, HFC, DKH and ADM each dismiss with prejudice the pending title suit Browns agree never to challenge the foreclosure sale and to release any such claims to possession of or title to the subject property except as set forth above.

6. ADM may enter property one time with insurance representative for purpose of insurance inspection. Entry will occur in next 15 days to be coordinated through Deryl White.

FOR AND IN CONSIDERATION of mutual promises and obligations contained herein, the sufficiency of which is hereby acknowledged, the undersigned, for themselves, their heirs, representatives, employees, shareholders, attorneys and members and assigns do hereby remise, release and forever discharge each other and their respective employees, agents, attorneys, insurers, representatives and servants, and any other persons, firms, corporations, or predecessor or successor corporate entities, including,. from any and all claims, causes of action, accounts, injuries, judgments or debts arising out of or in any way relating to the matters described including, but not limited to, those matters that were or could have been alleged or raised in the L&T suit or the title suit.

INTENDING TO BE LEGALLY BOUND HEREBY witness the hand and seals of the parties hereto:

(It is the parties' intention that this agreement may be signed in counterparts and that while this agreement must be executed by all parties

3

before it is valid, the signature of all parties need not appear on the very same document. It is sufficient that the signatures appear on copies of this document.)

WITNESSES:

X_____  X _____ (SEAL)
                              Raymond Brown

X_____  X _____ (SEAL)
                              Celeana Brown

                           ADM, LLC

_____   By: _____
                           Name: David McCurdy
                           Title: Member

                           Danoff, King & Hofmeister

_____   By: _____
                           Name: C. _____
                           Title: P.

                           Household Finance Corporation, Inc.

_____   By: _____
                           Name: Donald J. Scarcella
                           Title: District Sales Manager.

4