# EXHIBIT 7

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RAYMOND BROWN,

    Plaintiff

v.

DANOFF, KING & HOFMEISTER, et al.,

    Defendants

\*   Case No.: 02-005309
    Cal: 12
\*   Judge Campbell

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## OPPOSITION TO MOTION TO REOPEN CASE

Defendants David McCurdy and A.D.M., LLC, by and through Council, Baradel, Kosmerl & Nolan, P.A. and Michael N. Russo, Jr., their attorneys, hereby oppose the Plaintiff's Motion to Reopen Case and says:

1    Plaintiff's Motion was never served on the undersigned counsel. See Motion at Certificate of Service. As such, the undersigned counsel did not have an opportunity to provide this opposition within the time frame customarily provided by the rules.

2.    These Defendants adopt and incorporate herein the Answer to Motion to Strike Settlement filed by Co-defendant Household Finance, III, as if it had been restated herein in its entirety.

3.    The Plaintiffs seek relief from the settlement agreement they reached with all of the parties in Court on February 14, 2003. As can be seen from the Mutual Release and Settlement Agreement, a copy of which is appended to Household Finance's Answer to Motion to Strike Settlement, the Settlement Agreement greatly benefited the Plaintiffs. Specifically, the Plaintiffs were on the verge of eviction when they reached this Agreement. The Settlement Agreement was reached immediately prior to the landlord/tenant branch's conducting a hearing on the Plaintiff's Plea of Title in the eviction proceeding filed against them (LT 36500-02).

The Plea of Title asserted the same positions asserted by the Plaintiffs in the above-entitled action. As outlined by Household Finance, the Plaintiff would have had to show that the previous Order of the United States Bankruptcy Court substantively resolving all issues between the parties was somehow not applicable. The Plaintiffs had virtually no chance of succeeding in this argument.

4. Had the settlement not occurred, it is very likely that the eviction hearing would have resulted in the Browns' eviction.

5. The settlement achieved by the Plaintiff and outlined in the release appended to Household Finance's Answer, set forth a rather generous resolution of all claims. The Plaintiffs were to be permitted to remain in the residence until June 15 of 2003. In addition, as an additional benefit and additional consideration for the settlement, the Plaintiffs would receive $1,500 upon vacating the residence on June 15th and leaving it broom clean. The Plaintiffs were sure to receive a much more generous resolution than they could expect had the landlord/tenant action and the above-entitled action gone forward.

6. In addition to the Mutual Release and Settlement Agreement, which was executed by the Plaintiffs themselves, Plaintiff's counsel, with Plaintiff's express authority, as set forth in the Release, stipulated to the Dismissal With Prejudice of the above-entitled action (copy attached as Exhibit A). This Dismissal was filed with the Clerk of this Court on February 14, 2003 and acts as an adjudication on the merits of all actions then pending. See, S.C.R. 41(a)(1)(ii); see also, *Davis v. Davis*, 663 A.2d 499 (1995), *Colbert Refrigeration Co. v. Edwards*, 356 A.2d 331 (1976).

7. The Praecipe of Dismissal With Prejudice signed by counsel for all parties is a final judgment. The pending Motion amounts to a Motion to Alter or Amend the Judgment. S.C.R. 59(e) requires that such a judgment be altered or amended by a "motion to alter or amend a judgment filed no later than ten days after the entry of judgment."[1] The Motion is untimely.

---

[1] Should the Plaintiff change its contention to an assertion that it is seeking relief from a final judgment, pursuant to S.C.R. 60, it is respectfully suggested that the Motion fails to assert the reasons for such relief or provide, by affidavit, the factual basis for the relief sought.

2

    8.    Moreover, it would be inequitable to permit the Plaintiffs from turning their back on their obligations under the Settlement particularly since they have enjoyed the benefits provided to them by the Settlement. The Defendants have relied upon this Settlement and the Plaintiff's agreement, as evidence by their signatures on the Release, the Plaintiff thus should be estopped from striking the Settlement.

WHEREFORE, For the reasons set forth above, and as set forth in Household Finance Corporation's Answer to Motion to Strike Settlement, it is respectfully requested that the Court deny the Plaintiff's Motion to Reopen Case and, provide any further relief as the Court may deem appropriate.

    Respectfully submitted,

    COUNCIL, BARADEL,
    KOSMERL & NOLAN, P.A.

By: _____
    Michael N. Russo, Jr.
    D.C. Bar #424712
    125 West Street, 4th Floor
    P.O. Box 2289
    Annapolis, Maryland 21404
    301-261-2247
    Attorneys for Defendants
    David McCurdy and A.D.M.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2003, a copy of the foregoing Opposition to Motion to Reopen Case was mailed, first-class, postage prepaid to:

Raymond E. Brown and Celena A. Brown
1451 Claridge Road
Glen Oak, MD 21207; and

3

Gerald Danoff, Esq.
Danoff, King & Hofmeister
409 Washington Ave., #800
Towson, MD 21204

_Michael N. Russo, Jr._

4

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RAYMOND BROWN,

    Plaintiff

v.

DANOFF, KING & HOFMEISTER, et al.,

    Defendants

Case No.: 02-0005309
Cal: 12
Judge Campbell

RECEIVED
Civil Clerk's Office
FEB 1 4 2003
Superior Court of the
District of Columbia
Washington, D.C.

## PRAECIPE OF DISMISSAL WITH PREJUDICE

Plaintiffs Raymond Brown and Celeana Brown and Defendants Household Finance Corporation, Inc., Danoff, King & Hofmeister and David McCurdy t/a ADM, LLC,/, each by their undersigned counsel, pursuant to S.C.R. 41(a)(ii), stipulate to the DISMISSAL WITH PREJUDICE of the Amended Complaint, and any and all other claims brought in the above captioned action.

COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.

By: _____
Michael N. Russo, Jr.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404-2289
(410) 268-6600
Attorneys for David McCurdy and ADM
D.C. Bar No. 424712

LAW OFFICES DARRYL F. WHITE

By: _____
Darryl F. White
4308 Georgia Ave., N.W.
Washington, DC 20011
202-882-4880.
Attorneys for Browns
DC Bar No. 415229

Danoff, King & Hofmeister, P.A.

By: _____
Gerald Danoff
409 Washington Ave.
Suite 810
Towson, MD 21204
410-583-1686
Attorney for Household and Danoff, King

EXHIBIT
A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| RAYMOND BROWN, | * |
| Plaintiff | * |
| v. | * |
| DANOFF, KING & HOFMEISTER, et al., | *   Case No.: 02-005309<br>     Cal: 12 |
| | *   Judge Campbell |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER DENYING MOTION TO REOPEN CASE

Plaintiffs Raymond Brown and Celena Brown, having filed a Motion to Reopen Case, and this Court having reviewed the Motion and the Answer to Motion to Strike Settlement of Household Finance Corporation III and the Opposition to the Motion filed by Defendants McCurdy and A.D.M., LLC and the Court having determined that the relief requested in the Motion to Reopen Case is not appropriate, it is this _____ day of _____, 2003 by the Superior Court of the District of Columbia,

**ORDERED**: that the Motion to Reopen Case be, and the same hereby is, DENIED.

_____
JUDGE, Superior Court of the
District of Columbia

cc:   Mr. Raymond Brown
      Ms. Celena Brown
      1451 Claridge Road
      Glen Oak, MD  21207

Gerald Danoff, Esq.
Danoff, King & Hofmeister
409 Washington Avenue, #800
Towson, MD 21204

Michael N. Russo, Jr., Esq.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, MD 21404-2289

2