EXHIBIT 10

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| CELEANA BROWN, | * | |
| Plaintiff | * | |
| v. | * | |
| HFC et al, | * | Case No.: 04-0002855 |
| | | Cal: 5 |
| Defendants | * | Judge Terrell |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### OPPOSITION TO PLAINTIFF'S REQUEST FOR A
### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Now comes, Defendant, NICA Investments, LLC ("NICA") by Council, Baradel, Kosmerl & Nolan, P.A. and Michael N. Russo, Jr., its attorneys, hereby offer for the benefit of the Court this memorandum stating their objections to the request and says:

1.    All claims and issues associated with this matter were previously adjudicated before this court in the case of *Raymond Brown et al v. Danoff, King & Hoffmeister et al*, Case Number: 02-005309. The history of which is as follows:

2.    On June 28, 2002 Raymond Brown filed a Complaint with the Superior Court for the District of Columbia to stop the foreclosure sale of the property located at 6932 9th Street, N.W., Washington D.C.[1] This suit was subsequently amended by the Plaintiff's counsel to include both Raymond and Celeana Brown (the "Browns").[2]

---

[1] Complaint of Raymond Brown, Case No. 02-005309 is attached hereto as Exhibit A.
[2] Plaintiff's First Amended Complaint to Set Aside Forclosure Sale and Quite Title attached hereto as Exhibit B.

4/27/04

3.    On February 12, 2003, Plaintiff's Motion for Temporary Restraining Order and Plaintiff's Motion for Preliminary Injunction were both denied as moot, because the foreclosure sale had already occurred, and the buyers from the foreclosure sale were joined as parties.[3]

4.    On February 14, 2003, Raymond and Celeana Brown, whom were both represented by legal counsel, signed a Mutual Release and Settlement Agreement which stated:

> "5. Browns, HFC, DKH and ADM each dismiss with prejudice the pending title suit Browns agree never to challenge the foreclosure sale and to release any such claims to possession of or title to the subject property except as set forth above."[4]

5.    In addition to the Mutual Release and Settlement Agreement, which was executed by Plaintiff's themselves, Plaintiff's counsel, with Plaintiff's express authority, as set forth in the Release, stipulated to the Dismissal With Prejudice of the pending action. This Dismissal was filed with the Clerk of this Court on February 14, 2003 and acts as an adjudication on the merits of all actions them pending.[5]    See, S.C.R. 41(a)(1)(ii); see also, *Davis v. Davis*, 663 A.2d 499 (1995), *Colbert Refrigeration Co. V. Edwards*, 356 A.2d 331 (1976).

6.    On April 25, 2003, the Browns acting *pro se*, filed a motion to re-open the case and filed a Motion to Strike the Settlement. This court denied Plaintiffs Raymond and Celeana Brown's motions "having determined that the relief requested in the Motion to Reopen Case is not appropriate."[6]

7.    Celeana Brown has now filed a complaint that is identical to the matter in which she signed both a Mutual Release and Settlement Agreement and agreed to a Praecipe of

---

[3] Order Denying Plaintiff's Motions for a TRO and PI attached hereto as Exhibit C.
[4] The Mutual Release and Settlement Agreement is attached hereto as Exhibit D.
[5] Plaintiff's Praecipe of Dismissal With Prejudice is attached hereto as Exhibit E.
[6] The Order was signed on July 8, 2003 and is attached hereto as Exhibit F.

Dismissal With Prejudice filed by her legal counsel. Again, Ms. Brown is seeking a Temporary Restraining Order which is moot. Neither Raymond or Celeana Brown have any interest in the property upon which the complaint is based.

8.    The Settlement Agreement and Praecipe directing the clerk to dismiss the complaint with prejudice acts as *res judicata* of matters covered by the cause of action and attaches to all component parts of the controversy. *Burns v. Fincke*, 197 F.2d 165, 90 U.S.App.D.C. 381, 382 (D.C. Cir).

9.    A dismissal with prejudice implies a decision on the merits either after an adjudication of a right or pursuant to an agreement between the parties. *Owen v. Simons*, 134 A.2d 92, 93 (D.C.). Under the doctrine of *collateral estoppel*, the judgment in a prior action is conclusive as to all issues raised in the subsequent action if such issues were actually raised and litigated in the prior action. *Id.*, at 94. Plaintiff's complaint and request for a temporary restraining order is barred as all claims and issues have been precluded by the Settlement Agreement and Dismissal With Prejudice.

10.    The purpose of a Temporary Restraining Order is to maintain the status quo until the rights of the parties on the underlying claim may be heard. Plaintiff has no valid claim or interest in the property, therefore a Temporary Restraining Order or Preliminary Injunction is moot. It will not restore or protect the Plaintiff's interests, nor will an Order denying Plaintiff's Motion for a TRO or PI affect her in an adverse manner.

WHEREFORE, For the reasons set forth above, and as Ordered by this court in the matter of *Raymond Brown et al v. Danoff, King & Hoffmeister et al*, Case Number: 02-005309, it is respectfully requested that the Court deny the Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction, and provide any further relief as the Court may deem appropriate.

Respectfully Submitted,

COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.

By: _____

Michael N. Russo, Jr.
D.C. Bar #424712
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404
(301) 261-2247
Attorneys for Defendant NICA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2004, a copy of the foregoing Opposition to Plaintiff's Request for a Temporary Restraining Order and Preliminary Injunction was hand delivered at the Superior Court for the District of Columbia, 500 Indiana Ave., N.W., Washington, D.C. 20001 to the following:

Celeana Brown
6932 9th Street, N.W.
Washington, D.C. 20012

HFC c/o Gerald Danoff, Esq.
Danoff, King & Hofmeister
409 Washington Ave., #800
Towson, MD 21204

_____
Michael N. Russo, Jr.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**EXHIBIT**
**A**

*Plaintiff*

Raymond Brown
6432 9th St NW
Wash DC 2002

Dorm abb Kings Harmeier
409 Washington Ave #800
Taunson MD 21204

**FILED**
CIVIL ACTIONS BRANCH
JUN 28 2002
Superior Court
of the District of Columbia
Washington, D.C.

CIVIL ACTION No. _____

02-0005009

*Defendants*

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Stay Foreclosure. Sale

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 175,000

with interest and costs.

202 882-767P

**Phone**

**DISTRICT OF COLUMBIA, ss**

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

(Plaintiff                              Agent)

Subscribed and sworn to before me this ___ day of _____ 20 __

this 25 day of Ju 2002

Notary Public, DC
My commission expires 10/14/2006

25th day of June 20 02

(Notary Public/Deputy Clerk)

FORM CV-1013/Rev 00

# Sup___ Court of the District ___ Columbia

## CIVIL DIVISION

Raymond E Brown

Plaintiff

FILED
CIVIL ACTIONS BRANCH
OCT 03 2002
Superior Court
of the District of Columbia
Washington, D.C.

Danoff, King + Hofmeister
459 Wash. Ave.
Towson Md 21204
and
A.D.M. LLC
1639 Hobart St NW
D.C.

Defendants

No. 02-005.309

OCT 8 PM

## MOTION - (Pro-Se)

MOTION OF: _____                              for

(State briefly what you want the Court to do)  Amend my complaint to include A.D.M L buyer of said property in dispute to also void and invalidate foreclosure sale. H.F.C mortgage comp. recieving payments of mortgage, request foreclosure be set aside, Mortage was reconstructe and place back in principle balance before foreclosure sale

| | |
|---|---|
| Printed name: Raymond E Brown | Signature: Raymond E Brown |
| Address: 6932 9th st NW    DC | Home phone no. 202-882-7674 |
| | Business phone no. 202-865-6100 |

## CERTIFICATE OF SERVICE

On _____, 20____ I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| Name: Danoff, King - Hofmeister | Name: A.D.M LLC |
|---|---|
| Address: 459 Washington Ave. Towsom Me 21204 | Address: 1639 Hobart St NW Wasl DC 20009 |
| | Raymond E Brown |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

See Attachment

_____

_____

_____

_____

Raymond E Brown
Signature

Form CV-343/Dec 80

RECEIVED FEB 0 4 2003

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RAYMOND BROWN                          )
CELENA BROWN                           )
6932 - 9TH STREET, N.W.                )
WASHINGTON, D.C. 20012                 )
                                       )
    Plaintiffs,     )
                                       ) Civil Action No. 02ca005309
v.                                     ) Action in Real Property
                                       ) Calendar No. #12
HOUSEHOLD FINANCE CORPORATION) Judge Campbell
    INC.,           )
961 WEIGEL DRIVE                       )
ELMHURST, ILLINOIS 60126               )
SERVED ON:                             )
GERALD DANOFF                          )
DANOFF, KING & HOFMEISTER              )
409 WASHINGTON AVENUE                  )
SUITE 810                              )
TOWSON, MARYLAND 21204                 )
                                       )
and                                    )
                                       )
                                       )
DANOFF, KING & HOFMEISTER              )
409 WASHINGTON AVENUE                  )
SUITE 810                              )
TOWSON, MARYLAND 21204                 )
SERVED ON:                             )
GERALD DANOFF                          )
409 WASHINGTON AVENUE                  )
SUITE 810                              )
TOWSON, MARYLAND 21204                 )
                                       )
and                                    )
                                       )
DAVID McCURDY                          )
t/a A.D.M., L.L.C.                     )
7838-C EASTERN AVENUE, N.W.            )
WASHINGTON, D.C. 20012                 )
SERVED ON:                             )
MICHAEL N. RUSSO, JR.                  )

**Page 1 of 7**





COUNCIL, BARADEL, KOSMERL     )
    NOLAN, PA                     )
125 WEST STREET, 4TH FLOOR      )
P.O. BOX 2289                      )
ANNAPOLIS, MARYLAND 21404     )
                                  )
    Defendants.                 )

## *PLAINTIFFS' FIRST AMENDED COMPLAINT TO SET ASIDE FORECLOSURE SALE*
### *and*
### *QUIET TITLE*

NOW COME, the plaintiffs, by and through their attorney, Darryl F. White, to file this first amended complaint to have the foreclosure sale overturned and to quiet title to the property located at 6932 - 9th Street, N.W., Washington, D.C., as ordered by this Court.    The basis for this complaint are as follows:

### *PARTIES*

1.     The Plaintiffs, residents of the District of Columbia,  were the owners of record of the subject premises prior to the foreclosure sale that was held on or about February 11, 2002. (See Plf. Exhibit #1, Foreclosure Notice)

2.     Defendant Household Finance Corporation, III, is a financial organization doing business in the District of Columbia, (hereinafter referred to as defendant Household), was the secured party of the Deed of Trust that was the subject of the said foreclosure sale held on February 11, 2002.

3.     Defendant Danoff, King and Hofmeister, PA (hereinafter referred to as defendant Danoff) is a law firm providing legal services in Maryland and the District of Columbia. Defendant Danoff served as Trustee for the said foreclosure sale held for the subject property on or about February 11, 2002.

4.    Defendant David McCurdy, t/a ADM L.L.C. (Hereinafter referred to as defendant ADM) is a limited liability corporation doing business in the District of Columbia.  Defendant ADM was the successful bidder at the foreclosure sale held on February 11, 2002 for the subject property.

## *FACTS*

5.    The Note that was the subject of the said foreclosure sale was secured by the defendant Household with a Deed of Trust executed on or about November 16, 1995 and recorded on or about April 9, 1998.  (See Plf. Exhibit # 2, Trustee's Deed)

6.    On or about June 9, 2000, a Deed Appointment of Substitute Trustee was filed against the subject property appointing Gerald Danoff, Dennis King and Larry Hofmester, members of the defendant law firm, Danoff, King and Hofmeister, as trustees for the loan made by defendant Household to the plaintiffs.  (See Plf. Exhibit # 3, Deed of Appointment of Substitute Trustee).

7.    At the foreclosure sale, defendant ADM was the apparent successful bidder for the subject property.  The purchase at foreclosure was not finally settled until September 25, 2002. (See Plf. Exhibit #4, HUD-1, Evergreen Title & Escrow Corp.).

8.    On or about November 28, 2001, the plaintiffs entered negotiations with defendant Household to make arrangements to payoff the arrearage that was due on the subject note.   The minimum payment due was $51,886.35.  (See Plf. Exhibit #5, Account Summary dated 11/28/01).

9.    On or about January 28, 2002, defendant Household and the plaintiffs negotiated a forbearance of the subject note by deferring the past due balance, along with an adjustment of the interest, to the principal which increased the monthly payments from $1,776.89 to $1,954.58.

(See Plf. Exhibit #6, Account Summary dated 01/28/02, noting that the past due balance was $0.00 on this statement)

## *COUNT I*
### *BREACH OF CONTRACT*

10.    The plaintiffs incorporate paragraphs 1 through 9 and state the following:

11.    That the defendant Household failed to adhere to the terms of the renegotiated note by going forward with the foreclosure sale held on or about February 11, 2002 that divested the plaintiffs of fee simple ownership of the subject property.

12.    Furthermore, that the foreclosure sale violated D.C. law due to the fact that the plaintiffs were current under the payment terms of the re-negotiated agreement. Thus, the plaintiffs were not in default of the re-negotiated note and therefore, the foreclosure sale should not have been held.

*WHEREFORE,* the plaintiffs request that the foreclosure sale be declared void and that the plaintiffs' ownership interest prior to the said sale be reinstated.

## *COUNT II*
### *THE SALE WAS ESTOPPED BY COURT ORDER*

The plaintiffs incorporate paragraphs 1 through 12 and state the following:

13.    On or about February 10, 2002, plaintiff Raymond Brown filed bankruptcy in the District Court for the District of Columbia, case no. 02-00262. The purpose of the filing was to seek the court's protection from the said foreclosure sale.

14.    Despite the automatic stay resulting from the said filing, defendant Danoff and Household went forward with the sale the day after the bankruptcy had been filed.

15.    On or about March 26, 2002, defendant Danoff, on behalf of defendant Household, obtained an Order from the Bankruptcy Court lifting the automatic stay, Nunc Pro Tunc & For Equitable Servitude back to the date of the February 11, 2002, foreclosure sale.

16.    The said Order was issued contingent upon the plaintiffs being in default of the subject note. (See Plf. Exhibit #7, Order Terminating Automatic Stay Nunc Pro Tunc & Equitable Servitude).

17.    Under the terms of the re-negotiated note, the plaintiffs proffer that the payments were current at the time the Order was issued. Therefore, the stay should not have been lifted and that the lifting of the stay should not have been effectuated.

*WHEREFORE,* the plaintiffs request that the foreclosure sale be declared void and that the plaintiff's ownership interest prior to the said sale be reinstated.

## *COUNT III*
### *THE NOTICE OF FORECLOSURE WAS DEFECTIVE*

18.    The plaintiffs incorporate paragraphs 1 though 17 and state the following:

19.    That the defendant received copies that were missing vital information regarding the foreclosure sale, specifically the amount of payment needed to cure the current default. (See Plf. Exhibit #1, Foreclosure Notice)

20.    Pursuant to D.C. law, the plaintiffs are entitled to have this information at least thirty (30) days prior to the date of the foreclosure sale.

21.    Furthermore, D.C. law requires that this information be included on all Notices of Foreclosure Sale of Real Property.

Page 5 of 7



22.    Whereby, this information was not included in the Notice mailed to the plaintiffs, the said Notice was defective, thereby causing the entire foreclosure proceedings to be deficient under D.C. law.

*WHEREFORE*, the plaintiffs request that the foreclosure sale be declared void and that the plaintiff's ownership interest prior to the said sale be reinstated.

## *PRAYER FOR RELIEF*

The plaintiffs incorporate paragraphs 1 through 22 and request the following relief:

a.    That the said foreclosure sale be void for the reasons as stated herein.

b.    That defendant Household be ordered to comply with the terms and conditions of the re-negotiated note as described herein by the plaintiffs.

c.    That all named defendants be ordered to record all of the necessary deeds and releases to reinstate the plaintiffs as owners, in fee simple, subject to the note (secured by the appropriate deed of trust) re-negotiated between the plaintiffs and defendant Household.

d.    That the plaintiffs be awarded any other relief deemed appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

Darryl F. White  #415229
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
(202) 882-4880
Attorney for the Plaintiffs

Page 6 of 7



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' First Amended Complaint was mailed, postage pre-paid this 30 Day of January, 2003, to the following:

Gerald Danoff
Danoff, King & Hofmeister)
409 Washington Avenue
Suite 810
Towson, Maryland 21204

Michael N. Russo, Jr.
Council, Baradel, Kosmerl & Nolan, Pa
125 West Street, 4th Floor
P.o. Box 2289
Annapolis, Maryland 21404



RECEIVED FEB 2 1 2003

*1492.23*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division

RAYMOND BROWN, *et al.,*   :
          :
    Plaintiffs,   :
          :  Civil Action No.  00ca8376
    v.      :  Judge R. Reid Winston
          :  Calendar # 12
HOUSEHOLD FINCANCE CORP, *et al.* :
          :
          :
    Defendants.  :

## ORDER

This matter is before the Court on *Plaintiff's Motion for Temporary Restraining Order and Plaintiff's Motion for Preliminary Injunction.*

Upon review of the Motion, the lack of opposition, and the entire record herein, it is this ____ day of February 2003, that the Court

**ORDERS,** that Plaintiff's Motion for Temporary Restraining Order be and hereby is **DENIED** as moot; and the Court

**FURTHER ORDERS,** that Plaintiff's Motion for Preliminary Injunction be and hereby is **DENIED** as moot.[1]

---

[1] Plaintiff's counsel has advised Chambers that the Motions are moot.  Moreover, the amended complaint shows that the foreclosure sale has already occurred, and the buyers from the foreclosure sale are joined as parties to the instant action.

EXHIBIT C

2/12/03

SO ORDERED.

2-12-03
**Date**

Rhonda Reid Winston

**Rhonda Reid Winston**
**Associate Judge**
**Signed in chambers**

Copies mailed from Chambers to:

Darryl White
4308 Georgia Avenue, NW
Washington, DC  20011

Gerald Danoff
409 Washington Avenue, STE 810
Towson, Maryland  21204

Michael Russo
Council, Baradel, Kosmerl & Nolan, PA
125 West Street, 4th Floor
Annapolis, Maryland  21404

February 14, 2003

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

Whereas, Raymond and Celeana Brown ("Browns") were owners in fee simple of property located at 6932 9th Street, N.W., Washington, DC 20012, Parcel 103/126 ("the Subject Property";

Whereas, Household Finance Corporation ("HFC") were grantees of a deed of trust from the Browns secured by the subject property ("HFC deed of trust");

Whereas, Gerald Danoff, Dennis W. King and C. Larrry Hoffmeister each attorneys with the law firm Danoff, King and Hoffmeister " (collectively "DKH") were substitute trustees on the HFC deed of trust,

Whereas, HFC contends that the HFC deed of trust was in default and that they instructed DKH to institute foreclosure proceedings;

Whereas, HFC and DKH contend that they properly noticed, advertised and otherwise conducted the foreclosure sale;

Whereas, the Browns dispute that they were in default or that the foreclosure sale was properly conducted;

Whereas, the foreclosure sale was conducted on February 11, 2002, and ADM, LLC ("ADM") purchased the subject property at the auction;

Whereas, the Browns instituted an action in the Superior Court for the District of Columbia, captioned *Raymond and Celena Brown v. Household Finance Corporation, Inc., Danoff, King & Hofmeister and David McCurdy t/a*

1                    EXHIBIT A



EXHIBIT
D

*ADM, LLC,* case no.: 02ca005309 seeking to set aside the foreclosure sale of the subject property ("title suit");

Whereas, ADM instituted proceedings in the Landlord and Tenant Branch of the Superior Court for the District of Columbia case no: LT 36500-02 seeking possession of the subject property ("L&T Suit");

Whereas, The parties wish to bring a resolution to all their controversies and to resolve all law suits between them;

Now therefore, without admitting any responsibility or liability for each or any of them, the parties hereto agree as follows:

1.     In the L&T Suit, the parties stipulate that a judgment by consent for possession in favor of ADM against the Browns shall be entered; possession stayed pending provisions of paragraphs 2 and 3 below.

2.     Browns shall have possession of the subject property until 6/15/03.

3.     ~~Butlers~~ BROWNS pay ADM total of $4,500 rent in monthly installments due: March 15, 2003: $1,500; April 15, 2003: $1,500; and May 15, 2003: $1,500. Rent paid into the Court. If any payment missed, stay in paragraph 1 automatically lifts and ADM gets immediate possession.

4.     On June ~~18~~ 15, 2003 Household Finance Corp shall pay $1,500 to Butlers if the subject property is vacated and broom clean; or, to ADM if property not vacated and broom clean. If any monthly payment called for in paragraph 3 is late this $1,500 goes to ADM. HFC will pay the $1,500 to Council, Baradel, Kosmerl,. and Nolan P.A to be held in that

firm's escrow account pending a joint instruction from HFC and ADM as to payment.

5. Browns, HFC, DKH and ADM each dismiss with prejudice the pending title suit Browns agree never to challenge the foreclosure sale and to release any such claims to possession of or title to the subject property except as set forth above.

6. *ADM may enter property one time with insurance represen for purpose of insurance inspection. Entry will occur in next 15 days to coordinated through Derryl White*

FOR AND IN CONSIDERATION of mutual promises and obligations contained herein, the sufficiency of which is hereby acknowledged, the undersigned, for themselves, their heirs, representatives, employees, shareholders, attorneys and members and assigns do hereby remise, release and forever discharge each other and their respective employees, agents, attorneys, insurers, representatives and servants, and any other persons, firms, corporations, or predecessor or successor corporate entities, including,. from any and all claims, causes of action, accounts, injuries, judgments or debts arising out of or in any way relating to the matters described including, but not limited to, those matters that were or could have been alleged or raised in the L&T suit or the title suit.

INTENDING TO BE LEGALLY BOUND HEREBY witness the hand and seals of the parties hereto:

(It is the parties' intention that this agreement may be signed in counterparts and that while this agreement must be executed by all parties

3

before it is valid, the signature of all parties need not appear on the very same
document. It is sufficient that the signatures appear on copies of this document.)

WITNESSES:

_____    X _____ (SEAL)
                               Raymond Brown

_____    X _____ (SEAL)
                               Celeana Brown

                           ADM, LLC

_____    By: _____
                               Name: David McCurdy
                               Title: Member

                           Danoff, King & Hofmeister

_____    By: _____
                               Name: C. Danoff
                               Title: P

                           Household Finance Corporation, Inc.

_____    By: _____
                               Name: Donald J. Scarcello
                               Title: District Sales Manager.

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RAYMOND BROWN,

    Plaintiff

v.

DANOFF, KING & HOFMEISTER,
et al.,

    Defendants

Case No.: 02-005309
Cal: 12
Judge Campbell

RECEIVED
Civil Clerk's Office
FEB 1 4 2003
Superior Court of the
District of Columbia
Washington, D.C.

## PRAECIPE OF DISMISSAL WITH PREJUDICE

Plaintiffs Raymond Brown and Celeana Brown and Defendants Household

Finance Corporation, Inc., Danoff, King & Hofmeister and David McCurdy t/a ADM,

LLC,/, each by their undersigned counsel, pursuant to S.C.R. 41(a)(ii), stipulate to the

DISMISSAL WITH PREJUDICE of the Amended Complaint, and any and all other

claims brought in the above captioned action.


COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.

By: _____
    Michael N. Russo, Jr.
    125 West Street, 4th Floor
    P.O. Box 2289
    Annapolis, Maryland 21404-2289
    (410) 268-6600
    Attorneys for David McCurdy and ADM
    D.C. Bar No. 424712

LAW OFFICES DARRYL F. WHITE

By: _____
    Darryl F. White
    4308 Georgia Ave., N.W.
    Washington, DC 20011
    202-882-4880.
    Attorneys for Browns
    DC Bar No. 415229


Danoff, King & Hofmeister, P.A.

By: _____
    Gerald Danoff
    409 Washington Ave.
    Suite 810
    Towson, MD 21204
    410-583-1686
    Attorney for Household and Danoff, King



EXHIBIT
E

*1149023*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

RAYMOND BROWN,                    *

    Plaintiff                    *

v.                                *

DANOFF, KING & HOFMEISTER,        *    Case No.: 02-005309
et al.,                                Cal: 12
                               *    Judge Campbell
    Defendants                   *

                               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER DENYING MOTION TO REOPEN CASE

    Plaintiffs Raymond Brown and Celena Brown, having filed a Motion to Reopen Case, and this Court having reviewed the Motion and the Answer to Motion to Strike Settlement of Household Finance Corporation III and the Opposition to the Motion filed by Defendants McCurdy and A.D.M., LLC and the Court having determined that the relief requested in the Motion to Reopen Case is not appropriate, it is this _8th_ day of _____July_____, 2003 by the Superior Court of the District of Columbia,

    **ORDERED:** that the Motion to Reopen Case be, and the same hereby is, DENIED.

                            _____
                            JUDGE, Superior Court of the
                            District of Columbia

cc:    Mr. Raymond Brown
        Ms. Celena Brown
        1451 Claridge Road
        Glen Oak, MD  21207

DOCKETED JUL 1 1 2003

MAILED JUL 1 1 2003



EXHIBIT
**F**



Gerald Danoff, Esq.
Danoff, King & Hofmeister
409 Washington Avenue, #800
Towson, MD  21204

Michael N. Russo, Jr., Esq.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, MD 21404-2289